## John PENHALLOW

v.

## Susan PENHALLOW.

### No. 98–100–A.

Supreme Court of Rhode Island.

Nov. 23, 1998.

Bradford Gorham, Arthur M. Read, II, North Scituate.

Robert S. Parker, William F. Holt, Providence.

### ORDER

The defendant, Susan Penhallow, appeals from a Family Court order finding that her filing of a complaint for protection from abuse initiated the parties' separation. After a conference before a single justice of this court, this case was assigned to the full court for a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. At this time, we proceed to decide this case without further briefing or argument.

This case was previously before the court on appeal from an order of the Family Court invalidating the premarital agreement executed by the parties. *Penhallow v. Penhallow*, 649 A.2d 1016 (R.I.1994). The agreement provided that Mrs. Penhallow would retain all of her property as separate property, and that Mr. Penhallow would transfer his property, including a 30–acre farm, into joint ownership with his wife. The agreement further provided that if Mrs. Penhallow initiated a divorce or separation, she would

be required to return to Mr. Penhallow all the property she acquired pursuant to the agreement. If Mr. Penhallow initiated a divorce or separation, Mrs. Penhallow would be allowed to keep half of the property she acquired under the agreement.

Mr. Penhallow filed for divorce in October 1992; and in 1993, a decision pending entry of final judgment was entered. The trial justice found that the premarital agreement was invalid on the ground that it was unconscionable when it was executed by the parties. On appeal, this court held that the agreement was valid since it had been voluntarily executed. We declined to decide, however, whether Mrs. Penhallow's filing of a complaint for protection from abuse constituted an initiation of the parties' separation, which would preclude her form acquiring assets under the agreement. We remanded the case to Family Court to resolve this issue.

Hearings were held in Family Court to determine whether Mrs. Penhallow was entitled to recover half of plaintiff's assets under the agreement. The trial justice determined that defendant's filing of a complaint for protection from abuse was "the precipitative event leading to the parties['] separation" and ordered the defendant to deliver previously executed deeds, being held in the registry of the court, to plaintiff. The defendant filed a timely appeal from the Family Court order to this court.

The defendant claims, first, that the filing of a complaint for protection from abuse failed to satisfy the terms of the premarital agreement, as a matter of law. The defendant claims that since she did not file a complaint for divorce, annulment or separation, she could not have fulfilled the terms of the parties' agreement. The premarital agreement, however, does not speak in terms of the filing of a complaint for divorce, annulment or separation, but provides that if those actions are "initiated" by the wife, she must reconvey the subject property back to her husband. If the filing of an abuse complaint were "clearly and unambiguously" not an action that could be considered the initiation of the parties separation, as defendant argues, we would not have remanded the case to the Family Court for findings on this issue.

The defendant also contends that the trial justice's findings and credibility determinations were clearly wrong. This court gives great weight to the findings of the trial justice and will not overturn those findings unless it is shown that they were clearly wrong. *Lembo v. Lembo,* 677 A.2d 414 (R.I.1996). "We stress that with respect to the credibility of the witnesses, it is the trial justice who has the opportunity to observe the witnesses as they testify and therefore is in a better position to weigh the evidence and to pass upon the credibility of the witnesses than is this court." 677 A.2d at 417. In the present case, the trial justice determined that defendant was not a credible witness. In addition to the inconsistencies in her testimony, the trial justice noted that Mrs. Penhallow's demeanor on the witness stand seemed overly dramatic and contrived. We see no reason to disturb the findings of the trial justice in this case.

We have reviewed the remaining issues raised in defendant's appeal and find no reason to disturb the trial justice's decision. The defendant's appeal is therefore denied and dismissed and the order appealed from is affirmed.