Peter J. ROTELLI

v.

Robert S. CATANZARO.

No. 98–537–A.

Supreme Court of Rhode Island.

March 30, 2000.

Gary Berkowitz, Swansea, MA.

Paul M. Sanford, Mary Beth Furia, Providence, Thomas K. Chriso.

### ORDER

Once again we are called upon to settle the contract dispute between Peter Rotelli (Rotelli) and Robert Catanzaro (Catanzaro). In *Rotelli v. Catanzaro*, 686 A.2d 91 (R.I.1996), we determined that a promissory note and a disbursement agreement, both signed in conjunction with the sale of a partnership, were ambiguous on the issue of whether the promissory note was conditioned on full payment of a mortgage by a third party.[1] We remanded the case for trial and directed the trial justice to admit parole evidence to determine the intent of the parties. After receiving extrinsic evidence of intent, the trial justice, sitting without a jury, found that full payment of the mortgage was a precondition to payment of the promissory note. Rotelli appeals.

We ordered the parties to appear and show cause why the issues raised in the plaintiff's appeal should not be summarily decided. After hearing their oral arguments and reviewing their respective memoranda, we conclude that no cause has been shown and we proceed at this time to summarily decide the issues.

At trial, it was determined that Rotelli and Catanzaro's nephew, Richard Tasca (Tasca) were law partners, and that Tasca had represented Catanzaro on previous occasions. In the transaction at issue, however, Tasca represented Rotelli, while attorney Carl Fernandes (Fernandes) represented Catanzaro. At no time did Rotelli and Catanzaro negotiate directly.

Tasca testified that during negotiations, numerous versions of the transaction were drafted before a final agreement was reached. He stated that copies of all draft agreements normally are filed together with the final version, but that in this case, no draft versions were available. He admitted that the prior drafts would have been the best evidence of the intent of the parties.

Catanzaro testified that the disbursement agreement reflected his normal business practice of making payments only after he receives the actual funds. He additionally testified that he expressly told Fernandes "to make sure that I don't have to pay anyone until I get the money to pay them[,]" and that in his forty years in business he has never agreed to pay anyone a sum of money unless there was a countervailing amount coming in from which to pay. Tasca's testimony supported Catanzaro on this issue and, although he stated that Catanzaro initially expressed his intent to follow his normal business practice, he later maintained that Catanzaro deviated from his usual business practice.

The record reveals that both Tasca and Rotelli negotiated only with Fernandes. Rotelli testified that he and Fernandes had a meeting of the minds. Tasca testified that he did not think Fernandes had authority to make changes to the agreement without Catanzaro's approval. Rotelli did not call Fernandes to testify.

In his decision, the trial justice found that both parties had been represented by competent counsel and that the note was intended to be conditional in nature. Noting that the best evidence of intent, namely the draft agreements, was missing, the trial justice based his decision in large part on the testimony from both Catanzaro and

---

1. For a recitation of the facts, *see Rotelli v.* *Catanzaro*, 686 A.2d 91 (R.I.1996).

Tasca concerning Catanzaro's normal business practice of agreeing to pay his debts only after he has received funds from which to make such payments.

In reviewing a decision by a trial justice sitting without a jury, "we extend deferential consideration to the findings made by a trial justice and will not disturb those findings unless he or she overlooked or misconceived material evidence or was otherwise clearly wrong." *Brunelle v. Town of South Kingstown*, 700 A.2d 1075, 1080 (R.I.1997) (citing *Wickes Asset Management, Inc. v. Dupuis*, 679 A.2d 314, 317 (R.I.1996)). "Contract interpretation is a question of law; it is only when contract terms are ambiguous that construction of terms becomes a question of fact." *Clark–Fitzpatrick, Inc./Franki Foundation Co. v. Gill*, 652 A.2d 440, 443 (R.I.1994) (citing *Judd Realty, Inc. v. Tedesco*, 400 A.2d 952 (R.I.1979)). "[W]ith respect to the credibility of the witnesses, it is the trial justice who has the opportunity to observe the witnesses as they testify and therefore is in a better position to weigh the evidence and to pass upon the credibility of the witnesses than is this court." *Penhallow v. Penhallow*, 725 A.2d 896, 897 (R.I.1998) (quoting *Lembo v. Lembo*, 677 A.2d 414, 417 (R.I.1996)).

After reviewing the record and giving due deference to the trial justice's findings of fact and his implicit credibility findings, we cannot conclude that the trial justice was clearly wrong when he construed the agreement between the parties to require full payment of the mortgage by a third party as a precondition to payment of the promissory note.

Accordingly, for the foregoing reasons, the plaintiff's appeal is denied and dismissed. The final judgment appealed from is affirmed, and the papers in this case are remanded to the Superior Court.

Justice FLANDERS did not participate.