**STATE**

v.

**Lloyd BULGIN.**

**No. 2002–227 C.A.**

Supreme Court of Rhode Island.

April 9, 2004.

Aaron L. Weisman, Providence, for Plaintiff.

Janice M. Weisfeld, Providence, for Defendant.

Present: WILLIAMS, C.J.,
FLANDERS, GOLDBERG, FLAHERTY, and SUTTELL, JJ.

## OPINION

PER CURIAM.

The defendant, Lloyd Bulgin, appeals from a Superior Court judgment entered after a jury convicted him of possessing marijuana and operating a motor vehicle while possessing marijuana. This case came before the Court for oral argument on March 3, 2004, pursuant to an order directing all parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After considering the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the case should be decided at this time. For the reasons stated below, we deny the appeal and affirm the judgment below.

At about 1:40 a.m. on October 23, 2000, East Providence Police Officer Mark Bourget was traveling in his cruiser on Route 195 when he observed an automobile veer "abrupt[ly]" across two lanes before quickly exiting the highway, all without the use of a turn signal. Bourget pursued the traffic violator from a distance of about ten feet and activated his overhead lights while both vehicles were on the exit ramp. The driver, nonetheless, turned right onto Broadway, proceeded two blocks, and took another right onto Reynolds Street, where he finally brought the car to a stop.

While requesting the operator to present his license and registration, Bourget detected the odor of marijuana emanating from the vehicle. The driver produced his license and a car rental agreement. The license identified defendant as the operator, and the rental agreement indicated that defendant had rented the car on October 20, 2000. Bourget twice asked defendant if he had been smoking marijuana. The defendant replied that he did not smoke marijuana and, after the second inquiry, he invited the officer to search the vehicle. From inside the car, defendant released the trunk latch. Although Bourget did not search the vehicle's interior compartment at that time, he did look in the trunk. Finding the trunk empty, Bourget returned to his cruiser to run license and warrant checks, which came back negative.

Despite the fact that the driver-side window had been rolled down since at least the moment he first approached the vehicle, Bourget could still identify a strong marijuana odor when he returned to defendant. He asked defendant once more if he had been smoking marijuana. The defendant's answer remained the same and, once again, he welcomed the officer to check the automobile. Taking defendant up on his offer, Bourget asked him to step out of the car. Before searching the vehicle, however, he patted down defendant for weapons. During this pat-down, he removed a sealed envelope from the right front pocket of defendant's pants. The defendant informed Bourget at the scene that the envelope contained $3,500 in cash.[1]

---

1. Apparently, defendant offered two explanations to Officer Bourget to account for the large amount of cash in the envelope. At one point, he stated that he was a "banker" for a

Bourget also seized a cell phone and pager, both of which had been attached to defendant's waistband.

While defendant was being detained by another officer who had by then arrived at the scene, Officer Bourget searched the vehicle's interior to determine the source of the marijuana smell. He looked under the driver's seat and found a package of "e-z wider" rolling papers on the floor at the front of the seat. Then, kneeling on the driver's seat, Bourget leaned over toward the center console. He noticed a small plastic baggie tucked in between the seat and the console, "easily visible" to him. Bourget seized the baggie, which contained a leafy, green substance he suspected was marijuana. The defendant was placed under arrest. The contents of the baggie later tested positive for marijuana.

Lieutenant John Wyrostek and Investigator Barry Ramer interviewed defendant at the station later that morning. Denying any knowledge of the marijuana, defendant signed a consent form authorizing a search of his first-floor apartment at 112 Miller Avenue in Providence. Wyrostek contacted Detectives Allen Spiver and Anthony Hampton of the Providence Police Department, and the four officers met at defendant's residence to conduct the search. Spiver asked defendant, who was present during the search, if he could look in the basement of the multifamily house. The defendant orally consented. In the basement, Spiver examined a suitcase and found in it a plastic bag containing suspected marijuana, which the officers seized.[2] A toxicology test confirmed Spiver's suspicions.

The defendant was charged with possessing marijuana and operating a motor vehicle while possessing marijuana. These charges later were consolidated with a charge of possessing marijuana with intent to deliver, which resulted from the discovery of marijuana when authorities searched his home subsequent to his arrest. A jury trial commenced on February 4, 2002. At the close of the state's case, defendant moved for a judgment of acquittal on all charges. The trial justice reserved judgment and defendant rested his case without presenting a defense. The trial justice then denied defendant's motion with respect to the two possession charges stemming from the vehicle stop. However, he granted a judgment of acquittal on the charge of possessing marijuana with the intent to deliver, and sent it to the jury as the lesser-included offense of simple possession. On February 6, 2002, the jury returned verdicts of guilty on both charges resulting from the search of his rental car, but not guilty on the possession charge relating to the search of his residence. On February 25, 2002, the trial justice denied defendant's motion for a new trial. The defendant was sentenced on count one to one year, three months to serve, plus a fine, and on count two to a six-month suspension of his driver's license and a fine. On February 26, 2002, the defendant filed an appeal of his convictions.

The defendant argues that the evidence adduced at trial was legally insufficient to establish that he possessed the marijuana seized from the rental car. "[A] challenge to the sufficiency of the evidence

"drawing" in which he and his co-workers were involved, and that he was delivering money to his "partner," who lived on Reynolds Street. At another point, he admitted that there was no drawing; rather, he simply acted as a "banker" at work.

2. The officers also seized two dark plastic trash bags containing traces of a green, leafy substance, which Spiver suspected was marijuana residue, $880 in cash, and an empty box of Ziploc plastic bags.

is properly made through a motion for judgment of acquittal." *State v. Diaz,* 654 A.2d 1195, 1200 (R.I.1995) (citing *State v. Henshaw,* 557 A.2d 1204, 1206 (R.I.1989)). "[A] denial of a motion for judgment of acquittal made at the close of the state's case is preserved for appeal only if the defense rests its case at that point * * * or if the motion is renewed by defense at the conclusion of all the evidence." *Id.* at 1201 (citing *State v. Clark,* 576 A.2d 1202, 1206 (R.I.1990)). Here, the defendant moved for a judgment of acquittal at the close of the state's case. He presented no defense. Therefore, the trial justice's denial of his motion on the charges stemming from the seizure of marijuana from the rental car was preserved for appeal. The defendant maintains on appeal that because the state failed to show that he was aware of the marijuana in the car or intended to exercise dominion and control over it, a judgment of acquittal is required. We disagree.

■ "In reviewing a claim of legal sufficiency of the evidence in the context of a motion for a judgment of acquittal, this Court applies the same standard as that applied by the trial court, namely, '[we] must view the evidence in the light most favorable to the state, * * * giving full credibility to the state's witnesses, and draw therefrom all reasonable inferences consistent with guilt.'" *State v. Kaba,* 798 A.2d 383, 393–94 (R.I.2002) (quoting *State v. Otero,* 788 A.2d 469, 475 (R.I.2002)). "If that examination reveals sufficient evidence to warrant a jury verdict of guilt beyond a reasonable doubt, the trial justice should be held to be correct in his or her denial of the motion." *State v. Pena Lora,* 746 A.2d 113, 119 (R.I.2000) (citing *State v. Hernandez,* 641 A.2d 62, 70 (R.I.1994)).

■ "A defendant may be in constructive possession of illegal drugs 'notwithstanding the fact that the contraband was not in his or her immediate physical possession.'" *State v. Portes,* 840 A.2d 1131, 1139 (R.I.2004) (quoting *In re Vannarith D.,* 731 A.2d 685, 689 (R.I.1999)). "In a constructive possession case, the state must demonstrate 'that (1) the defendant had knowledge of the presence of the item and (2) the defendant intended to exercise control over the item.'" *Id.* (quoting *Hernandez,* 641 A.2d at 70). Furthermore, constructive possession "may be inferred from a totality of circumstances." *Id.* (citing *Hernandez,* 641 A.2d at 70).

■ Although Officer Bourget found no marijuana on defendant's person or in his personal effects, there can be no doubt that defendant was driving a rental vehicle that contained illegal drugs within his arm's reach. In advancing the argument that there was no evidence that he had knowledge of the presence of the marijuana, defendant suggests that the automobile's previous occupant left marijuana in the area between the driver's seat and the console and that the rental company then overlooked this contraband when it cleaned the vehicle. However, the more reasonable inference to be drawn, especially given the strong marijuana odor permeating the vehicle, is that defendant was aware of the presence of the drug in this vehicle he possessed exclusively over a three-day period. We previously have held that under similar circumstances, sufficient evidence existed to demonstrate a defendant's knowledge of illegal drugs beyond a reasonable doubt. *See Pena Lora,* 746 A.2d at 120 (defendant found to have knowledge of cocaine discovered in automobile he was operating but did not own); *State v. Mercado,* 635 A.2d 260, 264 (R.I. 1993) (defendant's presence in vehicle as a passenger held to reasonably imply his knowledge of heroin in the vehicle's trunk). Knowledge and control are further in-

ferred here in the discovery of the rolling papers on the vehicle floor. *See Hernandez*, 641 A.2d at 71 (inference of knowledge and control of heroin strengthened by discovery of heroin-related equipment). That the marijuana and the rolling papers were both discovered in areas accessible to defendant while he was stopped indicates an intentional control over those seized items.

When considering the testimony of Mark Sherer, the owner of the company that rented the vehicle to defendant, it is our opinion that defendant's position strains credulity. Sherer testified that his rental vehicles are thoroughly cleaned before each new customer takes possession. He described the procedure of refreshening vehicles with strong odors, noting that if the cleaners are not able to remove such a stench, the car is sent to an "outside source." With respect to the automobile that defendant rented, Sherer stated that it was "put on the ready line," which indicated to him "that it was cleaned and odor-free before it was rented." Moreover, he explained that "[i]f there was visible debris in [the area between the seat and the console] it would be removed." Even without Sherer's testimony, it would be untenable to believe that defendant drove a car reeking of marijuana for three days without noticing the baggie containing that drug or the rolling papers within plain view at his feet. Rather, we discern a more nefarious purpose behind defendant's behavior. Additionally, eager to create the veneer of innocence, he immediately unlatched the vehicle's trunk, obviously aware that it would reveal nothing incriminating.

Viewing the evidence in the light most favorable to the state, and drawing every inference consistent with the defendant's guilt, the trial justice found "more than sufficient evidence" for the jury to convict the defendant on the possession charges stemming from the traffic incident. The trial justice referred to evidence indicating that the defendant was operating the rental car, that the seized contraband was discovered in plain view, and that the rental agency's procedure was to address any strong odors exuding from their vehicles before renting them again. Under the totality of the circumstances, we agree with the trial justice that the evidence and the reasonable inferences drawn therefrom were sufficient to prove that the defendant constructively possessed the marijuana seized from the automobile.

For the reasons stated above, we affirm the trial justice's denial of the defendant's motion for judgment of acquittal. The papers in this case are remanded to the Superior Court.