## STATE

v.

## Robert J. CARDIN.

No. 2005–79–C.A.

Supreme Court of Rhode Island.

Feb. 5, 2010.

Aaron L. Weisman, Department of Attorney General, for Plaintiff.

Paula Rosin, Office of the Public Defender, for Defendant.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, and ROBINSON, JJ.

**OPINION**

Chief Justice SUTTELL, for the Court.

The defendant, Robert J. Cardin, was convicted of shoplifting in violation of G.L. 1956 § 11–41–20 after a trial in District Court. The defendant appealed the verdict and the case was tried *de novo* before a jury in Superior Court. The jury rendered a guilty verdict, and the defendant thereafter was sentenced to six months probation and fifteen hours of community service. The defendant now appeals from this judgment of conviction, averring the trial justice erred in (1) denying his motion for judgment of acquittal, and (2) improperly instructing the jury. For the reasons set forth in this opinion, we affirm the judgment.

## I

### Facts and Procedural History

Bruce Rice, a loss-prevention supervisor employed by Wal–Mart, with thirty-two years experience in retail loss-prevention, testified that, on April 30, 2004, he observed Mr. Cardin enter the Wal–Mart on Plainfield Pike in Cranston at approximately 11 a.m. Mr. Rice grew suspicious of defendant because he noticed defendant was moving through the store very quickly. Mr. Rice then followed defendant to the automotive department. Mr. Rice watched defendant unseal and open a box containing four wheel covers and associated retention wires.[1] Mr. Rice continued watching as defendant opened an identical box of merchandise and took one retention wire from the second box and put it in the first box. After defendant added the wire to the first box, he put it in his shopping cart and left the automotive department.

According to Mr. Rice's testimony, he made his way to the front of the store and watched as defendant paid for the box containing the extra retention wire. Mr. Rice approached defendant in the parking lot, identified himself as Wal–Mart security, and asked him to reenter the store. Mr. Rice told defendant he had seen him tampering with merchandise in the automotive department, and defendant began angrily yelling and screaming at Mr. Rice,

---

1. Retention wires are used to secure wheel covers to wheels.

denying the accusations. Mr. Rice then had the Cranston police called, and when an officer arrived, defendant was placed under arrest.

After a jury trial and imposition of sentence, defendant timely appealed from the judgment of conviction.

## II

### Standard of Review

■ "Under Rule 29 of the Superior Court Rules of Criminal Procedure, a judgment of acquittal shall be entered when the evidence is not legally sufficient to sustain a conviction." *State v. Ros,* 973 A.2d 1148, 1159 (R.I.2009). "Whenever this Court reviews the denial of a motion for judgment of acquittal, we apply the same standard as that applied by the trial justice; namely, we 'must view the evidence in the light most favorable to the state, * * * giving full credibility to the state's witnesses, and draw therefrom all reasonable inferences consistent with guilt.'" *State v. Caba,* 887 A.2d 370, 372 (R.I.2005) (quoting *State v. Higham,* 865 A.2d 1040, 1048 (R.I.2004)). The trial justice is required to evaluate "only that evidence that the prosecution claims is capable of supporting proof of guilt beyond a reasonable doubt." *Id.* (quoting *State v. Andrades,* 725 A.2d 262, 263 (R.I.1999)). "If that examination reveals sufficient evidence to warrant a jury verdict of guilt beyond a reasonable doubt," the trial justice's denial of the motion should be upheld. *State v. Oliveira,* 882 A.2d 1097, 1108–09 (R.I.2005) (quoting *State v. Bulgin,* 845 A.2d 308, 311 (R.I.2004)).

■ "When this Court reviews jury instructions, it does so on a *de novo* basis." *State v. Graham,* 941 A.2d 848, 855 (R.I. 2008). It is well established that, "[o]n review, we examine the [jury] instructions in their entirety to ascertain the manner in which a jury of ordinary intelligent lay people would have understood them." *State v. Ibrahim,* 862 A.2d 787, 796 (R.I. 2004) (quoting *State v. Kittell,* 847 A.2d 845, 849 (R.I.2004)). "[T]his Court will not examine a single sentence apart from the rest of the instructions, but rather 'the challenged portions must be examined in the context in which they were rendered.'" *Id.* (quoting *Kittell,* 847 A.2d at 849). "In accordance with G.L.1956 § 8–2–38, we determine whether the jury charge 'sufficiently addresses the requested instructions and correctly states the applicable law.'" *Graham,* 941 A.2d at 855 (quoting *State v. Mastracchio,* 546 A.2d 165, 173 (R.I.1988)). "[A]n incorrect charge warrants reversal only if a jury could have been misled to the prejudice of the complaining party." *Id.*

## III

### Discussion

### A

#### Judgment of Acquittal

■ The defendant first contends that the trial justice erred in denying his motion for judgment of acquittal. Section 11–41–20(b)(3) provides that an individual is guilty of shoplifting if he or she "[t]ransfer[s] any merchandise displayed, held, stored or offered for sale in a retail mercantile establishment from one container to another in an attempt to purchase or purchase the merchandise personally or in consort with another at less than the full retail value with the intention of depriving the merchant of all or any part of the full retail value of the merchandise[.]"

The defendant argues that the state failed to prove that Wal–Mart was deprived of any "retail value" of its merchandise because it did not present any evidence establishing the value of the retention wire, as required by § 11–41–20. Furthermore, defendant argues that the

state's failure to produce the item itself at trial[2] supports a finding that there was no "retail value" established for the retention wires. We disagree. Viewing the evidence in the light most favorable to the state, sufficient evidence was presented to support a guilty verdict.

The only witness offered by the state was Mr. Rice. Mr. Rice testified that he saw defendant open two sealed boxes of wheel covers, remove a retention wire from one box, and then place it in the other box. Mr. Rice further testified that the price of a box of four wheel covers and four retention wires was $11.66 and that the included items are sold as a set. Thus, if defendant had wanted to legally obtain a fifth retention wire, he would have had to purchase another box at the full price of $11.66. Clearly a box containing only three retention wires loses some (if not all) of its value; a box that comes with four wheel covers, only three of which can be secured into place, is of questionable value to a customer. At the very least, if the box does retain some value, its value is surely less than a box complete with a full set of wheel covers and retention wires.

Furthermore, the fact that only a photograph of the box was offered into evidence does not warrant a judgment of acquittal here. The photograph of the box, together with the testimony of Mr. Rice, provides sufficient evidence to support a jury verdict of guilt beyond a reasonable doubt. We are of the opinion, therefore, that the trial justice did not err in denying defendant's motion for judgment of acquittal.

## B

### Jury Instructions

■ Mr. Cardin next argues that the trial justice erred by instructing the jury

only in the language of subsection (b)(3) of § 11–41–20 even though the "language of the [criminal] complaint against Mr. Cardin alleged that he violated subsections (1) and (3)" of the statute. The criminal complaint states that defendant did "make a transfer of merchandise, to wit, one (1) box of fourteen (14) inch wheelcovers and retention ring [sic], valued at $11.66, displayed, held, stored and offered for sale in Wal–Mart, from one container to another and did purchase said merchandise at less that [sic] the full retail value with the intention of depriving said merchant of all and [sic] a part of the full retail value of said merchandise, in violation of RIGL [§ ] 11–41–20." Although the complaint does not specify a violation of either subsections (1) or (3) of § 11–41–20(b), its language clearly tracks § 11–41–20(b)(3).

The language of subsection (b)(3) of § 11–41–20 is also consistent with the testimony of Mr. Rice, who said he observed the defendant remove a retention wire from one box, place it in another box, and then purchase the merchandise containing the five retention wires. We are satisfied, therefore, that the trial justice's jury instruction, in which she quoted the language of § 11–41–20(b)(3), was correct.

## IV

### Conclusion

For the foregoing reasons, the judgment of the Superior Court is affirmed. The record shall be remanded to the Superior Court.

2. At trial, the state introduced into evidence a picture of the box for which defendant had paid.