November 14, 2017

**Supreme Court**

No. 2016-105-C.A.

(P2/15-118AG)

State                                 :

v.                                :

Douglas J. Huntley.          :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

|  |  |
|---|---|
| State | : |
| v. | : |
| Douglas J. Huntley. | : |

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Goldberg, for the Court.**  This case came before the Supreme Court on October 3, 2017, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  The defendant, Douglas J. Huntley (Huntley or defendant), appeals from a judgment of conviction entered in the Superior Court, following a jury trial. The defendant was convicted of possession of a controlled substance; possession of a firearm after having been convicted of a crime of violence; carrying a firearm without a license;  breaking and entering a dwelling without consent; and conspiracy to commit the crime of breaking and entering.  The defendant assigns error to the decision of the trial justice denying the defendant's motion for judgment of acquittal on the conspiracy count and his refusal to grant a new trial on the breaking-and-entering offense.  After hearing the arguments of counsel and examining the memoranda submitted by the parties, we are of the opinion that good cause has not been shown and that this case should be decided without further briefing or argument. We affirm the judgment of the Superior Court.

**Facts and Travel**

Sabrina Weston (Weston) was the second-floor tenant in a three-story apartment building located at 38 Bergen Street in Providence, Rhode Island. On April 23, 2014, at approximately 7:30 p.m., Weston heard a loud knock at the front entrance to the apartment building.[1] When Weston looked out her window, she saw two men who were unknown to her. From the second floor Weston asked if she could help; the men responded that they were looking for the "gentleman on the first floor." Weston informed the strangers that the first-floor tenant—whom she identified at trial as "Troy Grant" or "Troy Tunstall"—was not home. She then overheard the men discuss "jimmying the lock" and watched as they attempted to gain entrance by manipulating the lock of the front door. After this attempt proved unsuccessful, the men walked around to the back and peered into the first-floor apartment windows. The men began talking to each other, and Weston testified that "they mentioned what they were going to do and then proceeded to do that." Specifically, Weston overheard one of the men say "go pop the front lock" as the other man thereafter pushed open the window to the first-floor apartment; he entered through the window, and Weston called 9-1-1 to report a break-in. The man who entered through the window opened the front door for the other man. Shortly thereafter, Weston saw one man leave the apartment building.

Two police officers, Giuseppe Scarcello (Officer Scarcello) and Michael Gammino (Officer Gammino) (collectively the officers), were the first to respond. Officer Scarcello testified that when he first arrived he saw the open window on the first floor. After the officers entered the apartment through the front door, Officer Gammino noted that the door to the first-

---

[1] Weston testified that the front entrance of the building leads to a common entranceway and that the front entrance door automatically locks.

floor apartment was ajar. The apartment was dark and had sparse furnishings. The officers made their presence known, but received no response.

Upon entering the kitchen, they observed a man's buttocks protruding from beneath the kitchen table, with a firearm next to him and a second firearm on the kitchen counter. Officer Gammino testified that he asked the individual to show his hands, but he neither moved nor responded. The officers apprehended the suspect and located plastic bags containing crack cocaine in the suspect's front jacket. The man was identified as defendant.

The defendant was charged in a ten-count criminal information[2] that proceeded to trial in October of 2015. After a five-day jury trial, defendant was convicted of simple possession of a controlled substance; possession of a firearm after having been convicted of a crime of violence; carrying a firearm without a license; breaking and entering; and conspiracy to commit breaking and entering. The defendant was acquitted of the remaining charges. Thereafter, defendant moved for a new trial and for a judgment of acquittal as to count 9, breaking and entering, and count 10, conspiracy to commit breaking and entering. On November 9, 2015, defendant's post-trial motions were heard and denied by the trial justice, and the trial justice sentenced defendant to a total of twenty years with twelve years to serve and eight years suspended with probation. The defendant timely appealed to this Court.[3]

---

[2] The charges included count 1 of possession of a controlled substance with the intent to deliver; counts 2 and 3, possession of a firearm after having been previously convicted of a violent crime; count 4, possession of a stolen firearm; counts 5 and 6, carrying a firearm without a license; counts 7 and 8, possession of a firearm while in possession of a controlled substance with the intent to deliver; count 9, breaking and entering into the apartment of Troy Tunstall without consent; and count 10, conspiracy to commit the crime of breaking and entering. The state later dismissed counts 7 and 8, and count 1 was amended to a reduced charge of simple possession of a controlled substance.

[3] In September 2016, this Court remanded this case to the Superior Court for consideration of defendant's motion to correct a clerical error in the judgment. The appeal was held in abeyance

**Standard of Review**

"When this Court reviews motions for judgment of acquittal, it applies the same standard as the trial justice." *State v. Enos*, 21 A.3d 326, 329 (R.I. 2011) (citing *State v. Brown*, 9 A.3d 1232, 1237 (R.I. 2010)). "As such, we 'must view the evidence in the light most favorable to the state, without weighing the evidence or assessing the credibility of the witnesses, and draw therefrom every reasonable inference consistent with guilt.'" *Id.* (quoting *State v. Mercado*, 635 A.2d 260, 263 (R.I. 1993)). "If the totality of the evidence so viewed and the inferences so drawn would justify a reasonable juror in finding a defendant guilty beyond a reasonable doubt, the motion for the judgment of acquittal must be denied." *Id.* (quoting *State v. Forbes*, 779 A.2d 637, 641 (R.I. 2001)).

**Analysis**

On appeal to this Court, defendant raises two issues: (1) that the trial justice erred in denying his motion for a judgment of acquittal on count 10, conspiracy to commit breaking and entering of the first-floor apartment located at 38 Bergen Street; and (2) that the trial justice erred by denying his motion for judgment of acquittal as to count 9, the breaking-and-entering charge. We reject these arguments.

**A**

**Count 10—Conspiracy to Commit Breaking and Entering**

We first address the defendant's contention that the trial justice erred in denying his motion for a judgment of acquittal of conspiracy to commit breaking and entering, arguing that there was insufficient evidence for a jury to find beyond a reasonable doubt that he conspired to commit the act of breaking and entering.

---

pending consideration for that motion. Thereafter, an amended judgment was entered on September 20, 2016, and the papers were timely returned to this Court.

A criminal conspiracy is an "agreement by 'two or more persons to commit an unlawful act or to perform a lawful act for an unlawful purpose.'" *State v. Abdullah*, 967 A.2d 469, 474-75 (R.I. 2009) (quoting *State v. Lassiter*, 836 A.2d 1096, 1104 (R.I. 2003)). To convict the accused of the crime of conspiracy, "the prosecution must prove the existence and scope of the unlawful agreement beyond a reasonable doubt." *Id.* at 475 (citing *State v. Day*, 925 A.2d 962, 975 (R.I. 2007)). The essence of a criminal conspiracy is the agreement to commit an unlawful act. The evidence presented may be solely circumstantial such that it may be "inferentially established by proof of the relations, conduct, circumstances, and actions of the parties." *State v. Disla*, 874 A.2d 190, 197 (R.I. 2005) (quoting *Lassiter*, 836 A.2d at 1104).

When passing upon a motion for judgment of acquittal, in accordance with Rule 29 of the Superior Court Rules of Criminal Procedure, the trial justice is required to view the evidence in the light most favorable to the prosecution, according "full credibility to the state's witnesses, and draw[ing] therefrom all reasonable inferences consistent with guilt." *State v. Fleck*, 81 A.3d 1129, 1133 (R.I. 2014) (quoting *State v. Cardin*, 987 A.2d 248, 250 (R.I. 2010)).

At trial, the state presented Weston, the second-floor neighbor and eyewitness to the crimes, as well as the two police officers who apprehended defendant. After Weston informed the suspects that the first-floor tenant was not at home, she overheard defendant and his counterpart discuss entering the apartment by "jimmying the lock" to the first door and watched as they attempted to manipulate the lock. Weston testified that, when their efforts proved unsuccessful, the men then went around to the back of the house and she overheard one man direct the other to "go pop the lock." She also watched as they opened a window and one of the men climbed through the window and opened the front door for his counterpart. Additional evidence presented at trial established that the police officers discovered defendant in the first-

floor apartment hiding in the dark under a table with a firearm in his immediate vicinity. This testimony, when viewed in the light most favorable to the state, is sufficient to establish beyond a reasonable doubt that defendant, and his unidentified counterpart, conspired to unlawfully enter the apartment. The state presented a witness who overheard the suspects discuss their plans. We are therefore satisfied that the statements overheard by the second-floor tenant constitute direct evidence of the conspiracy. Nothing more is required.

The defendant also attacks the conviction on the ground that the state did not identify defendant's co-conspirator. However, we have recently held that there can be sufficient evidence to establish a conspiracy conviction despite the fact that the co-conspirators identities were unknown. *See State v. Tully*, 110 A.3d 1181, 1195 (R.I. 2015). Here, the record clearly reflects that defendant entered into an agreement with another person to unlawfully enter the apartment. They collectively agreed to disable the lock to the front door and attempted to do so. They were also observed opening a first-floor window in order to gain entrance. The fact that the co-conspirator was unidentified is of no moment to the sufficiency of the evidence in support of defendant's conspiracy conviction.

The defendant further contends that the evidence to support a conspiracy charge was nothing more than a pyramiding of inferences that was based on speculation and conjecture. In a criminal prosecution, the state may seek to establish guilt "by a process of logical deduction, reasoning from an established circumstantial fact through a series of inferences to the ultimate conclusion of guilt." *State v. Vargas*, 21 A.3d 347, 353 (R.I. 2011) (quoting *State v. Caruolo*, 524 A.2d 575, 581-82 (R.I. 1987)). However, inferences cannot be drawn from another inference that rests upon an ambiguous fact that is capable of supporting other reasonable inferences clearly inconsistent with guilt. *See State v. Cipriano*, 21 A.3d 408, 425 (2011); *see*

*also Waldman v. Shipyard Marina, Inc.*, 102 R.I. 366, 374, 230 A.2d 841, 845 (1967) ("an inference resting on an inference drawn from established facts must be rejected as being without probative force where the facts from which it is drawn are susceptible of another reasonable inference"); *In re Derek*, 448 A.2d 765, 768 (R.I. 1982) (holding that reasonable inferences cannot be drawn from conjecture or speculative evidence).

The defendant argues to this Court that a judgment of acquittal on the crime of conspiracy should have been granted because, he contends, "the state had to prove that [defendant] and another person had entered into an agreement to illegally break and enter the dwelling of another." In a somewhat unorthodox approach to the crime of conspiracy, defendant posits that the state was required *first* to prove that the entry was unlawful and *second*, that the suspects, "knowing it was unlawful, agreed to enter the apartment anyway." This contention is without merit. The crime of conspiracy consists of an agreement between "two or more persons to commit an unlawful act or perform a lawful act for an unlawful purpose." *Lassiter*, 836 A.2d at 1104 (quoting *State v. Mastracchio*, 612 A.2d 698, 706 (R.I. 1992)). The crime is complete when the agreement is made. Conspiracy does not require an overt act or even an attempt to perform an act in furtherance of the agreement.

In the case at bar, abundant and direct evidence was introduced from which a factfinder could find—without drawing any inferences—that these suspects agreed to enter the dwelling. They were overheard discussing how to break in, and an eyewitness saw them enter the apartment through the window. To the extent that defendant challenges whether there was an ambiguous inference that the intruders knew that the entry was unlawful (that is, they entered without consent) this would constitute the only inference, drawn from the eyewitness testimony and "by proof of the relations, conduct, circumstances, and actions of the parties." *Lassiter*, 836

A.2d at 1104 *(*quoting *Mastracchio*, 612 A.2d at 706). This inference obviously could be drawn from the direct evidence that defendant was located hiding in a dark kitchen, under the table, with a firearm. The defendant's suggestion that the finding of guilt in this case was contingent upon a pyramiding of ambiguous inferences is not supported by the record or the law of conspiracy and is incorrect. Because this is not a case of one or more ambiguous inferences, we are satisfied that the trial justice was correct in denying the defendant's motion for a judgment of acquittal as to count 10.

## B

### Count Nine-Breaking and Entering a Dwelling

The defendant also argues that the trial justice erred in denying his motion for judgment of acquittal as to count 9 because the state failed to prove that the defendant did not have consent to be in the apartment. In support of this contention, the defendant argues that there was a material variance between the pleadings and the evidence causing the jury to be misled at trial. A review of the record reveals that the defendant did not properly raise this argument before the trial justice. Therefore, we deem this issue waived. *See State v. Barros*, 148 A.3d 168, 174-75 (R.I. 2016).

## Conclusion

For all the aforementioned reasons, we affirm the judgment of conviction. The papers in this case shall be remanded to the Superior Court.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | State v. Douglas J. Huntley. |
| **Case Number** | No. 2016-105-C.A.<br>(P2/15-118AG) |
| **Date Opinion Filed** | November 14, 2017 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Robert D. Krause |
| **Attorney(s) on Appeal** | For State:<br><br>Virginia M. McGinn<br>Department of Attorney General<br><br>For Defendant:<br><br>Angela M. Yingling<br>Office of the Public Defender |