STATE

v.

**Emmanuel T. KARNGAR.**

No. 2009–276–C.A.

Supreme Court of Rhode Island.

Oct. 19, 2011.

Aaron L. Weisman, Department of Attorney General, for State.

Marie T. Roebuck, Office of the Public Defender, for Defendant.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, ROBINSON and INDEGLIA, JJ.

## OPINION

Justice GOLDBERG, for the Court.

On September 11, 2008, a jury found the defendant, Emmanuel T. Karngar (Karngar or defendant), guilty of breaking and entering into the apartment of his on-again-off-again girlfriend, Kaitlin McCarthy (McCarthy). The defendant filed a motion for a new trial, asking the court to determine that because of the complaining witness's contradictory statements, her testimony was not worthy of belief and that therefore a new trial was warranted.

This case came before the Supreme Court on October 6, 2011, on defendant's appeal from a judgment of conviction in the Superior Court. The defendant argues that a new trial should have been granted on the basis of "the lack of credibility of the complaining witness, the lack of evidence in light of the charge, and the overall insufficiency of the evidence." The state responds that Karngar failed to challenge the legal sufficiency of the evidence in his new-trial motion and that the only question that remains before this Court is whether the verdict was against the weight of the evidence. The state further asserts that, in any event, it presented legally sufficient evidence for the jury to find

defendant guilty beyond a reasonable doubt.

We agree that defendant's motion for a new trial failed to challenge the sufficiency of the evidence, and we decline to decide that claim. We further hold that the trial justice did not abuse his discretion in finding that reasonable minds could disagree about the witnesses' credibility and that the verdict was not against the weight of the evidence. Consequently, we affirm the judgment of the Superior Court.

### Facts and Travel

The defendant was charged by way of criminal information with five counts: one count of breaking and entering, two counts of assault with a dangerous weapon, one count of malicious injury to property, and one count of simple assault—all stemming from an incident that occurred on September 29, 2006, at McCarthy's home. This case involved three jury trials. The first jury found defendant guilty of the breaking and entering charge and not guilty of the remaining offenses. Subsequently, the trial justice granted defendant's motion for a new trial after determining that the state, which had proceeded on a theory of forcible entry, had failed to produce sufficient evidence. The trial justice also determined that the state had failed to satisfy its burden of proving revocation of consent, given defendant's assertion that he used a key given to him by McCarthy to enter the apartment.

A second jury trial on the breaking and entering count ended with the jury deadlocked, and the trial justice declared a mistrial.

The jury at a third trial returned a guilty verdict, and the trial justice subsequently denied defendant's motion for a new trial. It is an appeal from that judgment that is before us.

At the heart of this case is the question of whether defendant had consent and a key to enter McCarthy's apartment in the early morning of September 29, 2006. At trial, McCarthy, defendant's girlfriend of three years, testified that the relationship had ended a week or two before the incident and that she had not invited defendant to her home on the night in question. She further testified that shortly after she returned to her apartment with another man after an evening socializing with friends and family, she received numerous phone calls from defendant, who was ringing her doorbell and yelling from outside the building, demanding to know "who was up there." Next came the sound of footsteps on the stairs, and soon defendant was pounding on her door. According to McCarthy, defendant rushed into the apartment and wielded a kitchen knife at her guest, Fabolia Kamara (Kamara), whose presence in the apartment apparently ignited this confrontation. After McCarthy asked Kamara to leave, defendant purportedly broke McCarthy's cell phone, ripped her pajamas, stabbed her mattress, and threatened her with the knife. Eventually, the police arrived, and defendant was apprehended. McCarthy testified that her door—which appeared to be damaged in a photograph taken after the incident and introduced at trial—was undamaged prior to defendant's entry. Kamara also testified at trial; his testimony substantially corroborated McCarthy's account of the events.

The defendant, however, contested much of McCarthy's version of the incident; although he admitted to yelling from below the apartment and to ringing the doorbell, he stated that he did so in order to announce his presence before proceeding up the stairs. He testified that he used a key that McCarthy had given him in 2006 to gain entry into the apartment. The defendant testified that he and Kamara began

fighting and that Kamara grabbed a kitchen knife and tried to stab him. At that point, McCarthy asked Kamara to leave. The defendant averred that McCarthy's door had been damaged before the incident and that he had not caused the damage. He also testified that on the day leading up to the incident, McCarthy had invited him to stop by later that night.

McCarthy's landlord, Wesley Pennington, a state trooper, testified at trial that the morning after the incident he noticed previously unobserved damage to the door.

At the conclusion of the state's case, and again at the close of the evidence, defendant moved for judgment of acquittal. Both motions were denied by the trial justice, and the jury returned a guilty verdict. As noted, defendant's motion for a new trial was denied, and that is the subject of this appeal.

### Analysis

■ On appeal, defendant argues that the evidence against him was legally insufficient for a reasonable jury to find him guilty beyond a reasonable doubt. The defendant cites our decision in *State v. Colbert*, 549 A.2d 1021, 1023 (R.I.1988) (as well as the United States Supreme Court's decision in *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978)) for the proposition that this Court may review the sufficiency of evidence on an appeal from a denial of a new-trial motion. Indeed, our recent decision in *State v. Clark*, 974 A.2d 558, 569 (R.I.2009), makes clear that a challenge to the sufficiency of evidence may properly be framed in terms of a challenge to the trial justice's denial of the defendant's motion for a new trial. *Id.* at 569 (citing *Colbert*, 549 A.2d at 1023).

■ Significantly, however, defendant overlooks our clear articulation in *Clark* of the "distinction between a criminal defendant's motion for a new trial that attacks the sufficiency of the evidence supporting the guilty verdict and a new-trial motion that contends that the verdict is against the weight of the evidence." *Clark*, 974 A.2d at 569 (citing *State v. Perkins*, 460 A.2d 1245, 1247 (R.I.1983)). When a defendant avers that the evidence is insufficient legally, a trial justice must examine the evidence in the light most favorable to the prosecution, without assessing the weight of the evidence or the credibility of witnesses. *Clark*, 974 A.2d at 570. If the trial justice determines that any rational trier of fact could have found that the prosecution established the elements of the crime beyond a reasonable doubt, then the motion must be denied; conversely, if the trial justice grants the motion, it is tantamount to a judgment of acquittal and retrial is barred by double jeopardy. *Id.* at 569, 571.

■ In contrast, when a defendant contends that the verdict is against the weight of the evidence, the trial justice must sit as "the legendary thirteenth juror," exercising his or her independent judgment in weighing the evidence and passing on the witnesses' credibility. *Clark*, 974 A.2d at 569. If the trial justice agrees with the jury's verdict or determines that reasonable minds could disagree about the outcome, then he or she must deny the new-trial motion; if the motion is granted, however, retrial is permissible and double jeopardy considerations are not triggered. *Id.*

■ Here, in his written motion for a new trial, defendant explicitly asked the court to "act as the 13th juror," to assess the credibility of the witnesses, and to let the jury verdict stand if reasonable minds could reach different conclusions. Thus, we are satisfied that defendant only challenged the weight of the evidence, and not its legal sufficiency. Consequently, we are

of the opinion that the latter issue is not properly before this Court. *State v. Storey*, 8 A.3d 454, 460 n. 7 (R.I.2010) (citing *In re Miguel A.*, 990 A.2d 1216, 1223 (R.I. 2010) ("This Court's 'raise-or-waive' rule precludes our consideration of an issue that was not raised or articulated at trial.")). However, were this question properly before us, our review of the record persuades us that if believed by the jury, the testimony of the witnesses touched upon each of the elements of the charged offense and was sufficient to support the verdict.

The remaining issue is whether the trial justice abused his discretion in determining that the jury verdict was not clearly against the weight of the evidence. On appeal of this question, "this Court undertakes deferential review; we accord great weight to the trial justice's ruling so long as he or she has provided sufficient reasoning to support the decision." *Clark*, 974 A.2d at 569. "We will not disturb the ruling 'unless the trial justice overlooked or misconceived material evidence relating to a critical issue or * * * was otherwise clearly wrong.'" *State v. Abdullah*, 967 A.2d 469, 479–80 (R.I.2009) (quoting *State v. Nunes*, 788 A.2d 460, 464–65 (R.I.2002)).

Having carefully reviewed the record in this case, we are of the opinion that the trial justice thoughtfully considered the evidence that had been presented to the jury, noting the credibility flaws of both the defendant and complainant. Although the trial justice noted that the jurors could have reached a different result based on the conflicting evidence and the questionable credibility of the witnesses, the trial justice declared that the jury reasonably could have found either way. We are of the opinion that the trial justice performed the appropriate analysis; he re-viewed the evidence in light of his charge to the jury, appraising the weight of the evidence and assessing the credibility of witnesses. *See State v. Horton*, 871 A.2d 959, 969 (R.I.2005); *State v. Mattatall* 603 A.2d 1098, 1108 (R.I.1992). Further, our jurisprudence is clear that "when a defendant elects to testify, he runs the very real risk that if disbelieved, the trier of fact may conclude that the opposite of his testimony is the truth. * * * As long as there exists some other evidence of the defendant's guilt, disbelief of a defendant's sworn testimony is sufficient to sustain a finding of guilt." *Mattatall*, 603 A.2d at 1109. Here, the defendant testified that he merely rang the doorbell to alert McCarthy to his presence, but a jury reasonably could have found it incredible that the defendant, suspecting his quondam girlfriend to be upstairs with another man, would have had the presence of mind to pause and ring the doorbell if he did, in fact, have a key. Additionally, both McCarthy and Trooper Pennington testified that the apartment door was damaged, and McCarthy insisted that she did not give the defendant a key to her apartment nor did she invite him on the night in question. In light of this evidence, upon which the jury could have rested its verdict, we conclude that the trial justice properly denied the defendant's new-trial motion.

Accordingly, we affirm the judgment of the Superior Court. The papers in the case may be remanded to the Superior Court.