**Supreme Court**

No. 2010-128-C.A.
(P2/09-1761AG)

State                              :

v.                               :

Gerald D. Price.                      :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

State                       :

v.                      :

Gerald D. Price.        :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Chief Justice Suttell, for the Court.** The defendant, Gerald D. Price, was convicted by a jury of one count of possession of marijuana and two counts of possession of cocaine with the intent to deliver while armed with or having available a firearm. On appeal, Price contends that the trial justice committed three errors, each of which, he maintains, entitles him to a new trial. First, the defendant argues that the trial justice incorrectly interpreted the meaning of the phrase "having available any firearm," within G.L. 1956 § 11-47-3. Secondly, he avers that the trial justice erroneously permitted the state to impeach the defendant's credibility with an allegation of previous criminal conduct and with information that was false and prejudicial. Finally, Price argues that the trial justice violated the defendant's constitutional right to make an informed decision regarding whether to plead or proceed to trial. For the reasons set forth in this opinion, we vacate the judgment of conviction.

# I

## Facts and Procedural History

On March 26, 2009, Thomas J. Zincone, a police officer in the violent crime task force[1] of the Providence Police Department, secured a search warrant seeking cocaine and firearms at defendant's residence—a second-floor apartment located at 62 Heath Street in the city of Providence. When the search warrant was executed that evening, defendant's girlfriend Pachae Washington was present; defendant, however, was not.

During the search of the apartment, the Providence police officers seized a digital scale, a clear plastic sandwich bag containing forty-one smaller bags of crack cocaine,[2] a baby-wipes box containing bagging material,[3] an envelope containing assorted paperwork in the name of defendant and Washington, and a clear plastic bag containing five bags of marijuana. Officer Louis Gianfrancesco testified that, while searching a blue storage bin in the bedroom closet,[4] he found a blue leather handbag containing two firearms—a .45-caliber handgun and a .380-caliber handgun. The officers also discovered a magazine to the .45-caliber handgun with seven live rounds, a box of ammunition containing forty-seven rounds for the .360-caliber handgun, and one white latex glove.[5]

---

[1] The former name of the violent crime task force was the gun task force.
[2] The cocaine's gross weight was 45.1 grams (including bagging materials) and its net weight was 32.2 grams (excluding bagging materials).
[3] The bagging material consisted of "numerous empty clear plastic bags with torn corners."
[4] Officer Peter Conley testified that the closet had a sliding door that was half-opened, but jammed.
[5] Officer Gianfrancesco testified that it would take approximately a "[s]econd or two" to put a loaded magazine into a .45-caliber handgun and five to ten seconds to eject the magazine from the .380-caliber handgun, put a round in, and then put the magazine back in. Detective Paul William Romano testified that he was not able to lift any fingerprints from the handguns. Detective Romano further testified that, during a test fire, the .45-caliber weapon "fired flawlessly" the first round; however, "something didn't work properly the second time" so he

As a result of this search, Washington was charged with various narcotic and gun offenses. Approximately one month later, defendant was located and placed under arrest. On June 8, 2009, the state filed a criminal information charging defendant and Washington each with seven criminal counts.[6] Ms. Washington entered into a plea agreement with the state, and defendant proceeded to trial.

During a pretrial hearing held on October 19, 2009, it came to light that federal charges had also been filed against defendant and that the state had extended a plea offer to him under which, if he filed a motion with the federal government stating his intent to plead on the federal case, the state would dismiss its case against defendant. The defendant, however, had rejected that offer. The state also had offered to recommend a sentence of ten years, with two years to serve, in exchange for defendant's plea to one of the firearm charges. The defendant refused to accept that plea offer as well.

A seven-day jury trial commenced on October 22, 2009, which resulted in a verdict of: (1) not guilty of possession of marijuana with the intent to deliver; (2) guilty of the lesser included offense of marijuana possession; (3) guilty of possession of cocaine with the intent to deliver it when being armed with or having available a .45-caliber handgun; and (4) guilty of possession of cocaine with the intent to deliver it when being armed with or having available a .380-caliber handgun. The defendant moved for a new trial, and the trial justice denied that motion. On January 8, 2010, defendant was sentenced to a term of seven years to serve on

"racked a round back," which means he ejected the round that was in the chamber and then put it back. This process took approximately twenty seconds, and the second round then fired.

[6] The seven counts within the criminal information were: (count 1) possession with the intent to deliver cocaine; (count 2) conspiracy to possess cocaine with the intent to deliver; (count 3) conspiracy to possess marijuana with the intent to deliver; (count 4) unlawful possession of marijuana with the intent to deliver; (count 5) possession of cocaine; (counts 6 and 7) commission of a crime of violence—possession of cocaine with the intent to deliver while armed with or having available a firearm.

counts 6 and 7 (the firearm-related charges, to run concurrently with each other) and to one year suspended, with probation, on count 5 (the marijuana possession charge, to run consecutively to counts 6 and 7). Judgment then entered, and defendant timely appealed.[7]

Additional facts will be provided as necessary.

## II

## Discussion

On appeal, defendant alleges three errors committed by the trial justice: (1) the denial of his motion for judgment of acquittal based on what defendant contends was the trial justice's misinterpretation of the phrase "having available any firearm," as stated in § 11-47-3; (2) the admission of improper impeachment evidence; and (3) the violation of his "right to decide whether or not to proceed to trial or to plead."

## A

## Denial of Motion for Judgment of Acquittal

After the state rested, defendant moved for a judgment of acquittal pursuant to Rule 29 of the Superior Court Rules of Criminal Procedure,[8] which the trial justice denied. The defendant then presented a defense and testified before resting. On appeal, he takes issue with the trial justice's ruling regarding the two counts alleging possession of cocaine with the intent to deliver "when armed with or having available any firearm." See § 11-47-3. Specifically, defendant

---

[7] Although defendant prematurely filed his notice of appeal before final judgment was entered, this Court will treat the appeal as timely filed. See State v. Cipriano, 21 A.3d 408, 419 n.10 (R.I. 2011).

[8] Rule 29(a)(1) of the Superior Court Rules of Criminal Procedure, in pertinent part, states that a judgment of acquittal shall be entered "if the evidence is insufficient to sustain a conviction" of one or more of the charged offenses.

renews his argument from trial that the above-quoted language, as used in § 11-47-3,[9] should be interpreted to require that the firearms at issue be in defendant's possession or "immediately available," i.e., within arm's reach. The uncontroverted evidence, he maintains, demonstrates that the two firearms were located in a woman's purse, covered by clothing and other items inside a large, plastic storage bin in a closet approximately six to eight feet from defendant's bed. Moreover, defendant points out that he was not present at the apartment when the guns were discovered.

In denying defendant's motion, the trial justice noted that both firearms were operable, that a clip with live cartridges and a full box of live cartridges were also found within the purse and that crack cocaine was found within close proximity of the closet. Significantly, defendant did not renew his motion for judgment of acquittal at the close of his own case.

This Court previously has stated that, for us to consider an appeal of a trial justice's denial of a motion for judgment of acquittal pursuant to Rule 29(a), the issue must have been properly preserved by the defendant for appellate review. State v. Tower, 984 A.2d 40, 45 (R.I. 2009). In this case, defendant moved for judgment of acquittal at the close of the state's case; however, he did not renew this motion at the close of his own presentation of evidence. "We consistently have held that the failure to renew a motion for judgment of acquittal at the close of evidence forecloses the defendant's right to appeal the denial." Id.; see also State v. Grullon, 117 R.I. 682, 689, 371 A.2d 265, 268-69 (1977) ("If defendant wanted to preserve this argument for appellate review, then he would have had to either renew the motion after the presentation of all the evidence or rest his own case at the time he made the motion[,]" and, "[t]herefore, the denial of his motion for judgment of acquittal, being within the discretion of the trial justice, is not

---

[9] General Laws 1956 § 11-47-3 states, in relevant part, that "[n]o person shall commit or attempt to commit a crime of violence when armed with or having available any firearm * * *."

reviewable in this [C]ourt.").  As such, defendant's argument concerning the denial of his Rule 29 motion has been waived.[10]

## B

## Improper Impeachment Evidence

At trial, Price's defense to the charges of possession with the intent to distribute was that he suffered from a drug addiction and that, therefore, the cocaine and marijuana found in his apartment were for his personal use rather than for sale.  To support this claim, defendant testified on his own behalf and admitted, on direct examination, that he "had got caught with drugs in the past," "had an addiction," and had been "placed on 18 months probation for the crack."  Consequently, during his cross-examination, the prosecutor questioned defendant about his criminal history:

> "[Prosecutor:] You've never sold marijuana?
> "[Defendant:] Have I?  In the past, I did.
> "[Prosecutor:] As a matter of fact, yesterday you told the jurors -- you talked a little bit about your criminal history.  You told the jurors that at one point, you were placed on 18 months'[sic] suspended sentence and probation for possession of crack cocaine, right?
>> "[Defense Counsel]: Objection.
>> "[Trial Justice]: Basis?
>> "[Defense Counsel]: It was 18 months' [sic] probation.

_____

[10] We also note that defendant did not object to the trial justice's jury instructions, in which he informed the jury, inter alia:

> "In the context of this case, the issue is the firearm or firearm[s'] availability for use, not whether it was actually used.  Accordingly, the State must prove more than the defendant's mere possession of a gun.  The State must also prove that the gun or guns were operable, and that they were easily accessible or readily obtainable.  The major concern is not whether the firearms were instantly available, or exclusively dedicated to the narcotics trade, but whether they were readily available to the defendant to arm himself in connection with his alleged cocaine offense."

Moreover, defendant did not argue in his motion for a new trial that there was insufficient evidence to support his conviction.

- 6 -

"[Trial Justice]: You brought it out.

"[Defense Counsel]: It was 18 months --

"[Trial Justice]: You brought it out. You brought it out.

"[Prosecutor:] And, Mr. Price, would you agree with me, when you were arrested on that charge, you were actually initially charged with possession with intent to deliver that crack cocaine, right?

"[Defendant:] No. I was charged with simple possession.

"[Prosecutor:] Initially, when you were arrested, you were charged with possession with intent to deliver crack cocaine?

"[Defense Counsel]: Objection.

"[Prosecutor:] Right?

"[Defendant:] I don't know.

"[Trial Justice]: The answer is, 'I don't know.' Let's move on."

On appeal, defendant argues that his criminal history consists only of a single charge of possession of cocaine, to which he pled nolo contendere and received a sentence of eighteen months probation, with conditions of community service and substance-abuse counseling. Therefore, according to defendant, the trial justice erred in permitting the state to impeach his credibility by questioning him about an incorrect disposition of a prior possession charge (an eighteen-month suspended sentence) and by asking him about a non-existent criminal charge (possession of crack cocaine with intent to deliver) because "there was no factual basis for either of the * * * erroneous and misleading questions posed by the prosecutor."

The state counters that, even if the prosecutor's question regarding the suspended sentence is considered error, it did not harm defendant's case because members of the jury likely did not understand the distinction between a suspended sentence and probation and, also, because the trial justice provided a cautionary instruction.[11] With regard to the prosecutor's mention of the incorrect criminal charge, the state contends that defendant's argument is barred on appeal because his objection was not timely and, further, that defendant was not prejudiced by

---

[11] We note, however, that the trial justice did not provide such an instruction until later in the trial when defense counsel again asked defendant about his prior conviction on redirect examination.

- 7 -

this line of questioning as the jury had already heard defendant's response: "No. I was charged with simple possession."

"It is well established that decisions concerning the admissibility of evidence are 'within the sound discretion of the trial justice, and this Court will not interfere with the trial justice's decision unless a clear abuse of that discretion is apparent.'" State v. Gaspar, 982 A.2d 140, 147 (R.I. 2009) (quoting State v. Mohapatra, 880 A.2d 802, 805 (R.I. 2005)).

The defendant's principal assertion on appeal is that "[t]he trial judge, apparently misunderstanding both the falsity of the assumed facts in the state's questions * * * and the substance of the defense attorney's objections, sat by as a spectator and permitted the prosecutor's egregiously inappropriate cross-examination without appropriate intervention, much to [defendant's] great detriment."

It is axiomatic that a witness's credibility may be challenged by evidence that the witness has been convicted of a crime, but that, generally, prior criminal conduct not amounting to a conviction or previous criminal charges are not admissible to impeach a witness. See G.L. 1956 § 9-17-15 ("[A] conviction or sentence for any crime or misdemeanor may be shown to affect [a witness's] credibility."); Rule 609(a) of the Rhode Island Rules of Evidence ("For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record."); Rule 404(b) of the Rhode Island Rules of Evidence ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith."); see also State v. Christofaro, 70 R.I. 57, 63, 37 A.2d 163, 166 (1944) (finding reversible error where the state referred to an arrest because it "exceeded the bounds of fair cross-examination").

This Court has previously stated that "evidence of unrelated, prior crimes is irrelevant and inherently prejudicial," State v. Gallagher, 654 A.2d 1206, 1211 (R.I. 1995), and is, therefore, "deemed inadmissible in order 'to prevent a jury from finding a defendant guilty based upon unrelated crimes rather than upon the evidence pertaining to the charged offense.'" Id. (quoting State v. Cardoza, 465 A.2d 200, 202 (R.I. 1983)). We also have stated that "the credibility of a witness may not be impeached merely by a showing of an arrest or criminal accusation." State v. Sepe, 122 R.I. 560, 566, 410 A.2d 127, 131 (1980). Evidence of "other crimes" may be admissible under Rule 404(b), however, for such purposes as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or to prove that defendant feared imminent bodily harm and that the fear was reasonable."

We are well satisfied that the three questions at issue in this case were improper and inappropriate for impeachment purposes. In particular, we are troubled by the questions concerning the nature of the offense with which defendant was previously charged. Not only did these questions place factually incorrect information before the jury, they also impermissibly introduced false evidence of defendant's previous criminal conduct. The only evidence properly admissible for the purpose of attacking defendant's credibility under Rule 609(a) was evidence that he had been convicted of a crime.[12]

The implication that defendant was previously charged with a crime without an evidentiary basis for that suggestion is patently improper. See Foster v. Barbour, 613 F.2d 59, 60 (4th Cir. 1980) ("[T]he repeated assertions that [the defendant] had been convicted of other crimes * * * when those assertions were untrue * * * destroyed the fairness of [the defendant's]

---

[12] Although a criminal disposition resulting in eighteen months of probation does not qualify as a conviction pursuant to Rule 609 of the Rhode Island Rules of Evidence, it was defendant who initially brought this issue to the jury's attention.

trial and denied him due process of law."); State v. Peoples, 996 A.2d 660, 665 (R.I. 2010) ("[T]here must be a good-faith basis for asking a witness about a given set of facts at trial because there is a danger that the jury may consider questions that are not factually based and then deliberate on matters that are not in evidence.").

We also reject the state's suggestion that, even if the trial justice did err, such error was harmless. On the contrary, we believe that the questions as posed were significantly prejudicial to defendant. The false information provided by the prosecutor, viz., that defendant was charged "with possession with intent to deliver crack cocaine," was virtually identical to the charge for which he was standing trial, albeit without the element "when armed with or having available any firearm." See § 11-47-3. The fact that the party introducing this false evidence was the state's prosecuting authority, and presumably a repository of defendant's criminal record, only exacerbated the prejudice to defendant.

At trial, defendant provided a defense to the two counts of having available a firearm while being in possession of cocaine with intent to deliver stating that he was a user, not a dealer. The prosecutor's questions implied that defendant had been initially charged in a previous case with possession of cocaine with intent to deliver. This false information could only heighten the already serious likelihood that the jury would use this evidence for improper propensity-based purposes.

The state seemingly acknowledges that the questions concerning the crime with which defendant was previously charged were without "factual basis," but it argues that defendant was not prejudiced thereby because the jury heard the first such question without objection. Further, the state contends prejudice to defendant was lacking because the jury heard defendant's "favorable" response: "No. I was charged with simple possession."

In order to adequately preserve an issue concerning the admissibility of evidence for appellate review, a litigant must articulate a timely and specific objection at trial. State v. Crow, 871 A.2d 930, 936 (R.I. 2005) (holding that the defendant's failure to "make a timely and specific objection" precluded his argument on appeal). In the instant case, we are satisfied that the issue has indeed been preserved. When prompted by the trial justice to state the basis of his objection to the question concerning defendant's sentence of "18 months' [sic] suspended sentence and probation for possession of crack cocaine," defense counsel responded, "It was 18 months' [sic] probation," thus clearly objecting to the factual predicate of the question. The trial justice apparently misapprehended the nature of the objection, stating that defendant had "brought it out." The prosecutor then asked defendant whether the initial charge was for possession with the intent to deliver crack cocaine, and defendant responded that it was for "simple possession." The prosecutor immediately repeated the inaccurate question, at which point defense counsel objected; however, the trial justice did not rule on the objection before defendant retreated from his initial response, instead saying, "I don't know." The trial justice then abruptly terminated this line of questioning by stating: "The answer is, 'I don't know.' Let's move on." Thus, defendant's final answer to the state's erroneous question heard by the jury was "I don't know." In light of the significant likelihood of prejudice embodied in the relatively short colloquy, we conclude that the trial justice erred by not sustaining defendant's objection and by not giving an immediate cautionary instruction to the jury.

When a defendant is testifying at his trial, prosecutors and trial justices must be scrupulous to ensure that impeachment of defendant by reference to prior convictions or past criminal conduct is effected in a proper manner and based on true facts. In Christofaro, 70 R.I. at 63, 37 A.2d at 166, this Court recognized that improperly placing evidence before the jury of

the defendant's prior arrests or charges under the guise of impeachment could not be considered harmless error because "the presumption of [the] defendant's innocence should not be adversely affected by the injection in evidence of extraneous matter which has no probative value on the real issue in the case." Here, the jury watched as the prosecutor—the attorney for the state—dismissively ignored defendant's denial to her initial question and asked the question again. Even after defense counsel objected but before the trial justice ruled on the objection, the prosecutor pressed further, leading and confusing defendant as she implored him with the terse question: "Right?" to answer differently than he just had answered. The defendant's confusion is evident from his subsequent answer of "I don't know." This sequence of questioning raises a serious concern that defendant's initial denial of that charge was undermined in the jury's eyes and did nothing to cure the error that occurred when the trial justice allowed defendant's final answer to stand over defense counsel's objection. Accordingly, we vacate the judgment of conviction.[13]

## C

### Defendant's Right to Make an Informed Decision

The defendant's third contention of error is that he was incorrectly informed by the trial justice that, if he rejected the state's plea offer and proceeded to trial, he would be tried on only a single count—count 6, which alleged possession of cocaine with intent to deliver when armed with or having available a firearm. This misinformation, he argues, violated his "constitutional right to make an informed decision whether or not to proceed to trial or plead nolo contendere."

---

[13] We express no opinion as to whether the first question regarding defendant being placed on an eighteen-month suspended sentence alone would have warranted the judgment of conviction being vacated.

He urges this Court to vacate his conviction on all counts and grant him a new trial on count 6 alone.

The colloquy at issue occurred at a hearing on October 19, 2009—two days before a jury trial was scheduled to commence. The transcript of the hearing discloses that defense counsel advised the trial justice that the state had offered to recommend a sentence of ten years imprisonment with two years to serve if defendant pled to one of the gun counts; all other counts would then be dismissed. The trial justice thereupon confirmed with the prosecutor that the state had agreed to accept a plea to an amended count 6 in exchange for dismissing all other counts. The trial justice then addressed defendant directly, stating:

> "If you do not wish to take advantage of [the offer presented by the state], that, instead, it is your desire to go to trial on count 6 as presently alleged; namely, having committed a crime of violence, which under the statute includes possession with intent to deliver cocaine, while armed with or having available a firearm, that's the single charge that the State intends to pursue at trial."

At the next hearing, on October 21, 2009, when the case was reached for trial, the trial justice said:

> "The first matter I want to take up relates to the various charges that are in the information. The State has decided to go forward on some of them and to dismiss others, or at least not proceed on them because of a matter that's pending in Federal Court. We had a conference with counsel after our last session, in chambers, and, at that time, [the prosecutor] did not have the file in its entirety with her. We went over some of the counts, and I think we identified -- and you correct me if I'm wrong, counsel -- that the State would proceed on counts 3, 4, 6 and 7 at that trial."

The prosecutor confirmed the trial justice's understanding, and defendant did not object or attempt to correct the trial justice; indeed, both defendant and defense counsel remained silent. The trial justice offered no further commentary about the plea negotiations, but, rather, immediately entertained several pretrial motions.

- 13 -

We also note that defendant did not object when, during the voir dire, the trial justice and prosecutor explained to prospective jurors on several occasions that defendant was being charged with three counts, two of which involved the possession of firearms.  Moreover, defense counsel even informed the jury during the voir dire that it would have to find beyond a reasonable doubt that defendant "possessed cocaine with the intent to distribute that substance, while at the same time * * * having possessed a firearm" for each of "counts 6 and 7."  It was not until defendant moved for a new trial after the jury's verdict that defendant posited that "it was his impression that he was going forward on one of the * * * gun charges, and not both of them," explaining that his belief was that, "if he were to plea to one of the gun charges, the other one would be dismissed."

On appeal, defendant argues that, because "[a] defendant has a constitutional right to a trial," he "concomitantly [has] a right to decide whether or not to proceed to trial or to plead." He further cites to Rule 11 of the Superior Court Rules of Criminal Procedure to support his contention that "the choice between pleading guilty and proceeding to trial must be an informed one, and an <u>accurately</u> informed one at that."

Rule 11 states:

> "A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere.  The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea.  If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty.  The court shall not enter a judgment upon a plea of guilty or nolo contendere unless it is satisfied that there is a factual basis for the plea."

The reporter's notes to Rule 11 make clear that the rule requires "that the court make inquiry of the defendant personally to determine that a plea of guilty or nolo contendere is made voluntarily and with knowledge," but this rule cannot be read to require a trial justice to make this same inquiry of a defendant who is rejecting a plea offer. Although a defendant's right to proceed to trial is constitutionally protected, this does not concomitantly confer upon a defendant the right to enter into a plea agreement or require that a trial justice ensure that a defendant voluntarily and with knowledge rejected a plea offer when he instead decides to proceed to trial.

The trial justice was very clear as to which counts the state would prosecute at trial and no objection was made when the trial justice clarified those counts with the prosecutor. Even within defendant's motion for a new trial, the argument proffered was that it was defendant's belief that the state would only be "going forward on one of the * * * gun charges, and not both of them" because "that was part of the plea bargain[—]that if he were to plead to one of the gun charges, the other one would be dismissed." The defendant rejected the plea bargain offered by the state, however.

We are satisfied that the defendant was fully aware of the counts for which he was being tried and that the argument he now presses on appeal was raised for the first time only after the jury had rendered its verdict. Accordingly, we discern no reason to restrict his retrial on remand to count 6 only.

### III

### Conclusion

For the reasons set forth in this opinion, we conclude that the trial justice erred and that this error was not harmless. Accordingly, we vacate the judgment of the Superior Court and remand the papers in this case to the Superior Court for a new trial.



# RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## Clerk's Office Order/Opinion Cover Sheet

**TITLE OF CASE:**       State v. Gerald D. Price.

**CASE NO:**       No. 2010-128-C.A.
       (P2/09-1761AG)

**COURT:**       Supreme Court

**DATE OPINION FILED:**  June 18, 2013

**JUSTICES:**       Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**       Chief Justice Paul A. Suttell

**SOURCE OF APPEAL:**     Providence County Superior Court

**JUDGE FROM LOWER COURT**:

       Associate Justice Robert D. Krause

**ATTORNEYS ON APPEAL:**

       For State:  Aaron L. Weisman
                Department of Attorney General

       For Defendant:  Lara E. Montecalvo
                Office of the Public Defender