**Supreme Court**

No. 2011-305-C.A.

(P2/09-3317A)

State                                  :

v.                                     :

Paul Fleck.                            :

NOTICE:  This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

State                  :

v.                 :

Paul Fleck.         :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Flaherty, for the Court.**  The defendant, Paul Fleck, appeals to this Court from a judgment of conviction of one count of simple domestic assault against Kim Dolbec in violation of G.L. 1956 § 11-5-3 and G.L. 1956 § 12-29-5.  Under the provisions of § 12-29-5(c)(1), the defendant was deemed to be a felon because he had been convicted at least twice previously of domestic-violence offenses.  As a result, the trial justice sentenced Fleck to ten years at the Adult Correctional Institutions (ACI), with three and one-half years to serve, and six and one-half years suspended, with probation.  Before this Court, the defendant advances two arguments.  First, he argues that the trial justice erred in denying his motion for judgment of acquittal pursuant to Rule 29 of the Superior Court Rules of Criminal Procedure.  Second, he presses that the trial justice erred in denying his motion for a new trial under Rule 33 of the Superior Court Rules of Criminal Procedure.  Specifically, and relevant to both arguments, the defendant maintains that the evidence presented at trial did not establish that Fleck and Dolbec were in a domestic

- 1 -

relationship, as is required under § 12-29-2.  After a careful review of the defendant's arguments, and for the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

## Facts and Travel

This case arises from an incident that occurred during the course of an argument between defendant, Paul Fleck, and the complaining witness, Kim Dolbec, on September 13, 2009.  Although the two were long acquainted, having first met in school nearly thirty years earlier, they had begun to date only some months before, after they were reintroduced by Dolbec's neighbor, Heidi Leonard.  At that time, both were living in East Providence.[1]  Dolbec testified that soon after the pair began a relationship, she asked Fleck to move in with her, and that he did so, even though he continued to maintain his own apartment.

Dolbec testified that after she made dinner for defendant on September 13, defendant grabbed her by the arm and struck her in the face with a closed fist.  Although by all indications this was the first incident of physical violence between the two, the substance of the argument was familiar to this couple because it arose when defendant accused Dolbec of cheating on him.  As she did whenever defendant made such accusations, Dolbec denied them because, as she testified, she told him, "[w]hen I'm with somebody, I'm not a slut.  Excuse my language."  Dolbec did not report the assault at that time; she testified that she did not do so because she was afraid that Fleck would kill her if she did.  However, two nights later, on September 15, defendant made similar accusations, and this time the accusations were coupled with poking

---

[1] The precise length of time that defendant and Dolbec dated is unclear because Dolbec testified that she had suffered a brain injury that caused her to forget certain details of her life and of her relationship with defendant.  There were indications that Dolbec suffered that injury as a result of her being a victim of a separate domestic-violence incident that did not involve defendant. Dolbec testified that she and defendant had been dating for a few months, but she previously had told a responding police officer that the two had dated for a period of five months.

Dolbec in the chest. After this second incident, Dolbec left the apartment and went to Leonard's residence because she could not "take [defendant] hitting [her] anymore." After listening to Dolbec's story, Leonard notified the police, who arrived after "just a few minutes."

East Providence Police Officers Ryan Vose and Genevieve Rock responded to a call for a "delayed domestic assault," and they took a statement from Dolbec. Officer Vose testified that he had observed that Dolbec was visibly shaken and that she had "a black eye that appeared to be coming down" as well as some bruising on her right arm. At the police station, the officers photographed Dolbec's injuries; the photos eventually were entered into evidence. Dolbec related to Officer Vose that defendant had been her boyfriend for five months and that she had been living with him. Officer Vose noted on the Domestic Violence Sexual Assault Reporting (DVSA) form that Fleck was Dolbec's "intimate partner." Officer Rock also spoke with Dolbec at the Leonard residence, noting the bruises and that she appeared to be very nervous out of fear of Mr. Fleck. Officer Rock indicated that Dolbec's bruises were consistent with her story of the physical abuse that she claimed had occurred two days earlier.

The East Providence Police apprehended Fleck on the evening of September 15 without incident, after spotting him on a park bench near Riverside Square in East Providence. Fleck was charged with one count of simple domestic assault on November 6, 2009. The defendant was tried before a jury on March 7-9, 2011.

At the conclusion of the prosecution's case, defendant moved for judgment of acquittal pursuant to Rule 29. The defendant argued that the state had introduced insufficient evidence that Fleck and Dolbec had been in a domestic relationship, as that term is defined in § 12-29-2. After reviewing the evidence in the light most favorable to the state and drawing all reasonable inferences in favor of the state as she was required to do, the trial justice concluded that there had

been a domestic relationship, and she denied the motion. The defendant then proceeded to present his defense. On March 9, 2011, the jury found defendant guilty of one count of simple domestic assault.

The defendant then filed a motion for new trial pursuant to Rule 33, which the trial justice heard and decided on March 25, 2011. The defendant argued that there was insufficient evidence to support a finding of guilt because, under § 12-29-2(b), Fleck and Dolbec did not meet the definition of a domestic relationship. Sitting as the thirteenth juror, the trial justice conducted the three analyses as outlined in State v. Banach, 648 A.2d 1363, 1366-67 (R.I. 1994). The trial justice considered all of the evidence presented by the state and defendant. She found Dolbec credible, remarking that, when Dolbec did not remember something, she did not "pretend she knew it" and noted that her testimony had been corroborated by the responding officers and her neighbor, Heidi Leonard. The trial justice reviewed the evidence, noting that it supported a finding that Fleck and Dolbec were in a domestic relationship. She further found that Fleck had lived with Dolbec, and she noted that Dolbec had referred to defendant as her boyfriend. The trial justice, after assessing the evidence of the relationship between the two, found that they indeed had been in a substantive dating relationship, noting that the length of that relationship had not been clearly established. Finally, the trial justice described the frequency of the relationship noting that the parties had lived together and that defendant visited with Dolbec every evening after his workday ended. The trial justice said that she agreed with the jury's verdict and, as a result, denied the motion. On June 10, 2011, the trial justice sentenced defendant to ten years at the ACI, three and one-half years to serve and the remainder to be suspended, with probation.

Before this Court, defendant argues that the trial justice erred when she denied both the Rule 29 and Rule 33 motions. Both arguments are premised on the same grounds: that the state failed to prove that Fleck and Dolbec were in a domestic relationship as that term is defined in § 12-29-2 of the Domestic Violence Prevention Act.

**Standard of Review**

It is well settled that a defendant has a higher hurdle to overcome when arguing a Rule 29 motion for judgment of acquittal than when he seeks to prevail on a Rule 33 motion for new trial because when he renews an acquittal motion, the trial justice "must view the evidence in the light most favorable to the state, * * * giving full credibility to the state's witnesses, and draw[ing] therefrom all reasonable inferences consistent with guilt." State v. Cardin, 987 A.2d 248, 250 (R.I. 2010) (quoting State v. Caba, 887 A.2d 370, 372 (R.I. 2005)). In the case of a motion for new trial, however, the trial justice does not favor the state's evidence, but "use[s] independent judgment to weigh the evidence and assess the credibility of the witnesses." State v. Pineda, 13 A.3d 623, 640 (R.I. 2011) (quoting State v. Dame, 560 A.2d 330, 334 (R.I. 1989)). When faced, as here, with both Rule 29 and Rule 33 motions, "this Court first conducts a review of the new-trial motion." See State v. Gaffney, 63 A.3d 888, 893 (R.I. 2013) (citing State v. Cardona, 969 A.2d 667, 672 (R.I. 2009)). "[U]nless a defendant can show that the presented evidence failed to support his or her conviction upon the motion-for-a-new-trial standard, a defendant necessarily will be unable to establish he or she was entitled to a judgment of acquittal." Pineda, 13 A.3d at 640 (citing State v. Hesford, 900 A.2d 1194, 1200 (R.I. 2006)).

At this juncture, it is important for us to note that a motion for new trial may be argued on two bases. A defendant may claim that the weight of the evidence was not adequate to convict him, or, in the alternative, he may argue that the evidence was legally insufficient to support a

conviction. State v. Clark, 974 A.2d 558, 569 (R.I. 2009). Here, even though defendant casts his appeal as a challenge to the "sufficiency" of the evidence, his arguments and presentation of the law, both to the trial justice and to this Court, ask that his appeal be viewed through the prism of the more traditional, weight-of-the-evidence standard. We previously have articulated the differing standards of review for sufficiency of the evidence versus weight of the evidence when a defendant appeals a trial justice's denial of a motion for new trial. See State v. Karngar, 29 A.3d 1232, 1235-36 (R.I. 2011); see also Clark, 974 A.2d at 569.

As set forth above, when a defendant argues that the evidence was legally insufficient to serve as the basis for conviction, the trial justice does not weigh the evidence or the credibility of the witnesses, examining it instead in the light most favorable to the prosecution. See Karngar, 29 A.3d at 1235. To deny the motion, the trial justice need only decide that any rational trier of fact "could have found that the prosecution established the elements of the crime beyond a reasonable doubt." Id.

On the other hand, a motion for a new trial based on the weight of the evidence requires that "the trial justice act[] as a thirteenth juror, exercising 'independent judgment on the credibility of witnesses and on the weight of the evidence.'" State v. Heredia, 10 A.3d 443, 446 (R.I. 2010) (quoting State v. Imbruglia, 913 A.2d 1022, 1028 (R.I. 2007)). "Specifically, 'the trial justice must (1) consider the evidence in light of the jury charge, (2) independently assess the credibility of the witnesses and the weight of the evidence, and then (3) determine whether he or she would have reached a result different from that reached by the jury.'" Id. (quoting State v. Texieira, 944 A.2d 132, 140 (R.I. 2008)). We will not disturb the decision of a trial justice provided she "has complied with this procedure and articulated adequate reasons for denying the motion * * * unless the trial justice overlooked or misconceived material evidence or otherwise

was clearly wrong." State v. Phannavong, 21 A.3d 321, 325 (R.I. 2011) (quoting State v. Peoples, 996 A.2d 660, 664 (R.I. 2010)).

Because defendant urged that the trial justice, both in the hearing on the motion for a new trial and in his brief before this Court, act as the "thirteenth juror," we will therefore consider defendant's appeal as a challenge to the weight of the evidence, and not as to its legal sufficiency. See Karngar, 29 A.3d at 1235.

## Discussion

### Motion for New Trial

The defendant contends that the trial justice erred when she denied the motion for new trial because the evidence that the state presented did not establish beyond a reasonable doubt that defendant and Dolbec were in a domestic relationship as defined within the "[f]amily or household member" definition in § 12-29-2. That section informs § 12-29-5 which states in paragraph (c)(1):

> "Every person convicted of an offense punishable as a misdemeanor involving domestic violence as defined in § 12-29-2 shall:
>
> "* * *
>
> "(ii) For a third and subsequent violation be deemed guilty of a felony and be imprisoned for a term of not less than one year and not more than ten (10) years."

The trial justice's finding that the parties were in fact in a domestic relationship bore particular importance because of defendant's rather impressive record of earlier domestic violence convictions. The defendant's criminal record reveals a disturbing pattern of domestic abuse. From 1992 until 1996, defendant had four different domestic-misdemeanor convictions. And from 1997 until 2001, he was convicted of three felony domestic-assault charges. Because of his

prior domestic-violence convictions, if the parties' relationship was deemed to be domestic in nature, defendant would be subject to the enhanced sentencing sanctions of the statute.

Relevant to our discussion here, § 12-29-2(b) defines a "Family or household member" as "persons who are or have been in a substantive dating or engagement relationship within the past one year which shall be determined by the court's consideration of the following factors:

"(1) the length of time of the relationship;

"(2) the type of the relationship;

"(3) the frequence [sic] of the interaction between the parties."[2]

When the trial justice considered the motion, she analyzed each of the factors outlined in the statute. The evidence supported that the type of relationship was intimate in that Dolbec referred to Fleck as her boyfriend and that they lived together. Dolbec also testified that the relationship was exclusive and that defendant often accused her of being unfaithful. The trial justice noted that there was some inconsistency with the testimony regarding the length of the relationship. Dolbec testified that she was unable to remember how long she and Fleck had lived together, but that they had been together "for a few months," and initially Dolbec told the responding officer that they had dated for five months, prompting Officer Vose to refer to Fleck as an "intimate partner" on the DVSA form. With regard to the frequency of contact, the trial justice considered that the couple lived together, that Dolbec cooked dinner for defendant every

---

[2] Significantly, the definition of family or household member under G.L. 1956 § 12-29-2 also includes "adult persons who are presently residing together or who have resided together in the past three (3) years." The testimony at trial indicated that, although Fleck maintained his own apartment, there was testimony that he was living with Dolbec at the time of the incident in question. Therefore, the parties may well have qualified as household members under the statute without need for the analysis of the domestic-relationship aspect of the definition. However, the trial justice confined her analysis to the nature of the relationship between defendant and Dolbec. Thus, we will review the appeal based on the analysis and reasoning of the trial justice.

- 8 -

night, and that the two always had dinner together. After reviewing the statutory factors, the trial justice found that defendant and Dolbec were in a domestic relationship.[3]

Because the characterization of defendant and Dolbec as being in a domestic relationship was proper, we must next determine if the trial justice appropriately denied the motion for new trial. We hold that that denial was appropriate. After an exacting review of the record, it is clear to us that the trial justice conducted a thorough and complete analysis of defendant's motion for new trial. Although defendant attempts on appeal to challenge the credibility of the complaining witness due to her cognitive deficiencies, the trial justice came to a different conclusion.

"This Court is loath to overturn the credibility findings of a trial justice because 'it is the trial justice who has the opportunity to observe the witnesses as they testify and therefore is in a better position to weigh the evidence and to pass upon the credibility of the witnesses than is this [C]ourt.'" State v. Richardson, 47 A.3d 305, 318 (R.I. 2012) (quoting Penhallow v. Penhallow, 725 A.2d 896, 897 (R.I. 1998) (mem.)). In our opinion, the trial justice followed the proper procedure when considering the motion for new trial and did not overlook or misconceive material evidence. See Phannavong, 21 A.3d at 325. The trial justice's denial of the motion for new trial was not clearly wrong, and we see no basis for disturbing her decision.

### Motion for Judgment of Acquittal

The defendant moved for judgment of acquittal at the close of the prosecution's case, but did not renew that motion after presenting his defense. This Court has held that we will consider an appeal for a denial of a motion for judgment of acquittal only if the matter has been properly preserved. State v. Price, 68 A.3d 440, 444 (R.I. 2013) (citing State v. Tower, 984 A.2d 40, 45

---

[3] On appeal, defendant asks this Court to reconsider our holding in State v. Enos, 21 A.3d 326 (R.I. 2011), a recent opinion that prompted two dissents. We decline to do so. In our opinion, this case bears little resemblance to Enos.

- 9 -

(R.I. 2009)).  "We consistently have held that the failure to <u>renew</u> a motion for judgment of acquittal at the close of evidence forecloses the defendant's right to appeal the denial."  <u>Tower</u>, 984 A.2d at 45.  Therefore, the defendant's Rule 29 motion has been waived.  However, even if the motion had been preserved, it would have provided no relief to the defendant because we have affirmed the Superior Court with respect to the Rule 33 motion for new trial.  In any event, we would not consider his Rule 29 motion for judgment of acquittal because any such review is unnecessary.  See <u>Pineda</u>, 13 A.3d at 640; <u>see</u> <u>also</u> <u>Cardona</u>, 969 A.2d at 672 (noting that when this Court simultaneously faces a defendant's challenge to the trial court's rulings on motions for new trial and judgment of acquittal, we first conduct "the more exacting analysis required for review of a ruling on a motion for a new trial").

**Conclusion**

For the reasons set forth in this opinion, we affirm the judgment of conviction in this case.  The record shall be returned to the Superior Court.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**      State v. Paul Fleck.

**CASE NO:**      No. 2011-305-C.A.
                            (P2/09-3317A)

**COURT:**      Supreme Court

**DATE OPINION FILED:**   January 15, 2014

**JUSTICES:**      Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**      Associate Justice Francis X. Flaherty

**SOURCE OF APPEAL:**   Providence County Superior Court

**JUDGE FROM LOWER COURT**:

                            Associate Justice Susan E. McGuirl

**ATTORNEYS ON APPEAL:**

                            For State:   Virginia M. McGinn
                                                Department of Attorney General

                            For Defendant:  Catherine Gibran
                                                    Office of the Public Defender