Justice ROBINSON,
concurring in part and dissenting in part.
I am pleased to be able to concur in the opinion of the Court regarding the denial of the motion for mistrial and for a cautionary instruction. However, with respect to the judgment of acquittal issue, I respectfully dissent. I do not do so lightly — especially in view of the fact that no other member of the Court shares my view concerning this issue. I have very carefully considered the articulate arguments of counsel and the carefully crafted opinion of the majority, but in the end I remain unpersuaded by the reasoning of the majority with respect to the judgment of acquittal issue. I am definitely convinced that a judgment of acquittal should have been granted in this case. I am quite simply unable to perceive in the record evidence of the defendant’s intent sufficient for a rational jury to reach a finding of guilt.
I consider it to be of capital importance to keep constantly in mind the fact that the only charge against defendant was, in the words of the Criminal Information, “enterfing] the apartment * * * with the intent to commit larceny * * *.” As such, the entire focus should be .on defendant’s state of mind at the moment of his entry into the apartment. I have found absolutely nothing in the record that constitutes evidence of defendant having a larcenous intent at that crucially important point in time.
I am well aware that a motion for judgment of acquittal pursuant to Rule 29 of the Superior Court Rules of Criminal Procedure requires that the evidence be viewed “in the light most favorable to the prosecution, giving full credibility to its *813 ■witnesses, and drawing all reasonable inferences consistent with guilt.” State v. Ferrer, 92 A.3d 138, 144 (R.I.2014) (internal quotation marks omitted); see State v. Gomez, 116 A.3d 216, 224-25 (R.I.2015); State v. Fleck, 81 A.3d 1129, 1133 (R.I.2014). However, while I have tried conscientiously to scrutinize the record in that light, I nonetheless have been unable to isolate any evidence that is indicative of defendant’s intent, at the moment that he entered the apartment, to do anything other than to begin to carry out his assigned task — as he was entitled to do.
The facts of this case are in stark contrast to other cases involving the crime of breaking and entering with the intent to commit larceny in which this Court has held that there was sufficient evidence of a defendant’s criminal intent. See State v. Gueira, 12 A.3d 759, 767 (R.I.2011); State v. McLaughlin, 621 A.2d 170, 178 (R.I.1993); State v. Lamoureaux, 558 A;2d 951, 954 (R.I.1989); State v. Johnson, 116 R.I. 449, 455, 358 A.2d 370, 374 (1976). In each of the just-referenced cases, the defendant’s entry into the space at issue took place in the absence of the defendant’s having the right to enter said space. See Guerra, 12 A.3d at 761 (noting that a witness saw the defendant exiting a building which he had had no right to enter); McLaughlin, 621 A.2d at 178 (noting the fact that the defendant had entered a house that he had no right to enter and did so through a cellar window); Lamoureaux, 558 A.2d at 954 (noting that the defendant’s entry into the building in question was “unauthorized”); Johnson, 116 R.I. at 455, 358 A.2d at 374 (noting that the “defendant’s aborted illicit nighttime breaking and entering into [a] teacher’s apartment warrant[ed] the inference that he was there to steal something”). By contrast, in the instant case, it is uncontested that defendant had the right (indeed, the duty) to enter the apartment for the purpose of carrying out his assigned tasks.
Furthermore, in McLaughlin, 621 A.2d at 178, the Court specifically alluded to the fact that the defendant committed the act of larceny within minutes of entering the house in question in reaching its determination that there was sufficient evidence of the intent of the defendant and, accordingly, denying the defendant’s motion for judgment of acquittal. By contrast, in the instant case, the record is clear that defendant did not enter the bedroom until he had worked on the sliding door for about an hour. If he in fact had the intent of committing larceny at the point in time when he entered the apartment (which, I repeat, is the only crime with which he was charged), one wonders why he waited so long before carrying out his larcenous plan.
Additionally, this Court has previously found that acts committed prior to a defendant’s entry can be indicative of a defendant’s intent upon entry. See Lamoureaux, 558 A.2d at 953, 954 (noting the fact that the defendant had admitted inquiring about a business’s plans with respect to an impending hurricane so as to learn whether anyone “would be present in the building,” in determining that there was sufficient evidence in the record to warrant denial of the defendant’s motion for judgment of acquittal). However, in the instant case, there is no evidence whatsoever of the defendant having committed any act or having uttered any word prior to entering the apartment that would indicate that he had the intent to commit larceny upon entering.
For these reasons, I respectfully dissent from the opinion of the Court upholding the trial justice’s denial of the motion for judgment of acquittal.